15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lois J. CORWYE, Plaintiff-Appellant,
v.
The BOEING COMPANY, Defendant-Appellee.
 No. 92-35459.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lois J. Corwye appeals pro se the district court's summary judgment for the Boeing Company (Boeing) in her employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. Corwye alleged that, because she is black, Boeing (1) discharged her, (2) failed to promote her, and (3) subjected her to disparate treatment in her work assignments and training opportunities. Corwye further alleged that Boeing harassed her in retaliation for filing a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Pursuant to Title VII, it is illegal for an employer to discriminate on the basis of race when making employment decisions. 42 U.S.C. Sec. 2000e-2(a)(1); Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 599 (9th Cir.1993).
 
 
 5
 The plaintiff must carry the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment"). "Once the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action." Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989) (quoting Burdine, 450 U.S. at 254), cert. denied, 494 U.S. 1081 (1990). If the employer does so, then the burden shifts to the plaintiff to show that the stated reason is pretextual. Id.; see also Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1461-62 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Although a plaintiff can raise a genuine issue of material fact regarding pretext with very little evidence of discriminatory motive, "[s]he must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Lindahl, 930 F.2d at 1438. "The plaintiff cannot carry this burden simply by restating the prima facie case and expressing an intent to challenge the credibility of the employer's witnesses...." Id. at 1437-38.
 
 
 6
 To succeed on a retaliation claim, Corwye must demonstrate " 'that she engaged in a protected activity, that she was thereafter subjected by her employer to adverse employment action, and that a causal link exists between the two.' " See Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988) (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 797 (9th Cir.1982), cert. denied, 488 U.S. 1006 (1989)).
 
 
 7
 Here, it is unclear from the district court's order whether the court found that Corwye had established a prima facie case of discrimination. We assume without deciding that Corwye established a prima facie case of discrimination. Therefore, we must determine whether Boeing articulated legitimate, nondiscriminatory reasons for its actions and decisions.
 
 
 8
 In January 1987, Boeing hired Corwye as an entry level clerk. She received work assignments and training opportunities commensurate with her job title. Corwye violated written rules regarding disruptive and abusive conduct toward fellow employees and excessive leave without pay on a number of occasions during the period in question. In June 1989 and October 1990, Corwye received corrective action memos for unacceptable conduct. In August 1990, Corwye received a corrective action memo for excessive leave without pay. In February 1991, she received both a corrective action memo and a three-day suspension for disruptive conduct. In March 1991, Corwye again violated the rule against disruptive conduct. Based upon Corwye's repeated infractions of the rules, Boeing terminated her in April 1991. We conclude that Boeing met its burden of articulating legitimate, nondiscriminatory reasons for employment decisions regarding Corwye. See Foster, 772 F.2d at 1461-62.
 
 
 9
 Because Boeing articulated legitimate, nondiscriminatory reasons for its employment decisions, the burden shifted to Corwye to demonstrate that Boeing's explanations were a mere pretext for discrimination. This she has not done. We have carefully reviewed the record and conclude that Corwye failed to produce any evidence, aside from her own conclusory statements, permitting an inference that Boeing's reasons for her discharge, failure to promote, and disparate treatment in training opportunities and work assignments were pretextual. See Forsberg, 840 F.2d at 1419. Further, Corwye's intent to challenge the credibility of Boeing's witnesses is insufficient to prove pretext. See Lindahl, 930 F.2d at 1438. Finally, Corwye's general belief, without any factual allegations, that Boeing employees were aware of her EEOC complaint and engaged in harassment because of it, does not support a cognizable retaliation claim. Cf. Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir.1987) (summary judgment inappropriate where plaintiff introduced specific evidence to support his claim of retaliation). Accordingly, the district court did not err by concluding that Corwye failed to demonstrate that Boeing's explanations were pretextual and properly granted summary judgment.
 
 
 10
 As a final matter, we have considered and reject as frivolous all of Corwye's remaining contentions and requests on appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We resolve Corwye's arguments without reference to the portions of her excerpts of record that Boeing contends were not part of the record before the district court